# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

CECIL HALL,

    *Plaintiff*,

vs.

HOWARD SKOLNIK*, et al.*

    *Defendants*.

2:10-cv-00054-JCM-LRL

ORDER

This *pro se* prisoner civil rights action by a prisoner currently in the custody of the Nevada Department of Corrections ("NDOC") at the Southern Desert Correctional Center ("SDCC") comes before the court for initial review under 28 U.S.C. § 1915A.

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See,e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868

1   (2009).  That is, bare, naked and conclusory assertions that merely constitute formulaic

2   recitations of the elements of a cause of action and that are devoid of further factual

3   enhancement are not accepted as true and do not state a claim for relief.  *Id.*

4          Further, the factual allegations must state a plausible claim for relief, meaning that the

5   well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

6

7                  [A] complaint must contain sufficient factual matter,
            accepted as true, to "state a claim to relief that is plausible on its

8          face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127
            S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).]  A claim has facial

9          plausibility when the plaintiff pleads factual content that allows the
            court to draw the reasonable inference that the defendant is liable

10         for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The
            plausibility standard is not akin to a "probability requirement," but

11         it asks for more than a sheer possibility that a defendant has
            acted unlawfully. *Ibid.*  Where a complaint pleads facts that are

12         "merely consistent with" a defendant's liability, it "stops short of
            the line between possibility and plausibility of 'entitlement to

13         relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).

14                 . . . . [W]here the well-pleaded facts do not permit the court
            to infer more than the mere possibility of misconduct, the

15         complaint has alleged - but it has not "show[n]" - "that the pleader
            is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

16   *Iqbal*, 129 S.Ct. at 1949-50.

17         Allegations of a *pro se* litigant are held to less stringent standards than are formal

18   pleadings by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d

19   652 (1972).

20         In the complaint, including the incorporated allegations from the "Nature of the Case"

21   portion of the complaint form, plaintiff Cecil Hall seeks to bring claims against, in both their

22   individual and official capacities, NDOC Director Howard Skolnik, Deputy Director James Greg

23   Cox, SDCC Warden Brian Williams, Associate Warden of Programs Cheryl Burson, kitchen

24   manager Clarence King, and Chaplain La Vert H. Taylor.  Plaintiff also included NDOC in the

25   caption without listing NDOC in the list of defendants in the body of the complaint.

26         In count I, plaintiff alleges that he was denied his right to freedom to exercise his

27   religion under the First Amendment and the Religious Land Use and Institutionalized Persons

28   Act of 2000 (RLUIPA) and his right to due process and equal protection of the laws under the

1    Fourteenth Amendment.  Plaintiff alleges that defendants Skolnik, Cox, Williams, Burson,
2    King and Taylor denied him kosher meals pursuant to a policy that required persons
3    professing to follow the Jewish faith to be recognized as a Jew by an outside Jewish
4    organization before receiving kosher meals.  The complaint, taken as a whole, alleges that
5    the policy operates to prevent black Jewish inmates, such as plaintiff, from practicing their
6    religion to the same extent as non-black Jewish inmates.

7         In count II, plaintiff alleges that he was retaliated against for exercising his First
8    Amendment right to free exercise of his religion and subjected to racial discrimination in
9    violation of his right to equal protection of the laws under the Fourteenth Amendment.  Plaintiff
10   alleges that the above-listed defendants retaliated against his free exercise of his religion by
11   rescinding his right to receive kosher meals and thereby implemented a policy that
12   discriminated against black Jewish inmates.  Plaintiff additionally alleges that inmates of other
13   faiths, including Christians, Muslims, and pagans, are not required to obtain verification by an
14   outside body in order to have their right to exercise their religion honored.  He further alleges
15   that Jewish religious activities frequently are canceled whereas activities for the other faiths
16   are not.

17        In count III, plaintiff alleges that he was denied his First Amendment right to free
18   exercise of his religion, denied due process under the Fourteenth Amendment, and subjected
19   to cruel and unusual punishment in violation of the Eighth Amendment when he was denied
20   a kosher diet, allegedly causing him unnecessary pain and suffering without a valid
21   penological reason.

22        In count IV, plaintiff alleges that he was denied his First Amendment right to seek
23   redress for grievances and his Fourteenth Amendment right to equal protection of the laws
24   when defendants Williams, King and/or Taylor denied him kosher meals in retaliation for his
25   filing grievances and because of his race, retaliated against him by threatening to transfer all
26   African-American Jews from SDCC to other institutions, and retaliated against him by allowing
27   non-African-American Jewish inmates to read his grievances and then confront him regarding
28   his grievances.

1      In count V, plaintiff alleges that he was denied his right to freedom to exercise his

2   religion under the First Amendment and the RLUIPA, was denied his right to equal protection

3   of the laws under the Fourteenth Amendment, and was subjected to a conspiracy in violation

4   of 42 U.S.C. § 1986 when defendants Skolnik, Cox, Taylor, Williams, Burson, and King

5   denied him kosher meals by promulgating and enforcing a policy whereby African-American

6   Jews had to be recognized by an outside organization before they could exercise their chosen

7   religion.  Plaintiff alleges that defendants "don't believe in Black Jews" and that this policy

8   "trickles down" to the correctional officers who then discriminate against the African-American

9   Jews.  Plaintiff additionally alleges that inmates of other faiths are not required to obtain

10   verification by an outside body in order to have their right to exercise their religion honored.

11      In the prayer in the complaint, plaintiff seeks compensatory and punitive damages

12   together with preliminary and permanent injunctive relief.

13      All of the claims against the individual defendants in their official capacity for monetary

14   damages must be dismissed.  Plaintiff's claims for monetary damages under the federal civil

15   rights statutes against the defendants in their official capacity are barred by the state

16   sovereign immunity recognized by the Eleventh Amendment.  *See e.g., Taylor v. List*, 880

17   F.2d 1040, 1045 (9th Cir. 1989); *Cardenas v. Anzal*, 311 F.3d 929, 934-35 (9th Cir. 2002).  The

18   official capacity claims further fail to state a claim under Section 1983 because a state officer

19   in his official capacity is not a "person" subject to suit under Section 1983.  *See Will v.*

20   *Michigan Dept. of State Police*, 491 U.S. 58, 71 & n.10, 109 S.Ct. 2304, 2312 n.10, 105

21   L.Ed.2d 45 (1989).  Further, with regard to plaintiff's claims under RLUIPA, the Ninth Circuit

22   has held that official capacity claims under RLUIPA for monetary damages also are barred

23   by the Eleventh Amendment and state sovereign immunity.  *See Holley v. California Dept. of*

24   *Corrections*, 599 F.3d 1108, 1111-13 (9th Cir. 2010).

25      Similarly, plaintiff's claims against NDOC, as an arm of the State, are barred by state

26   sovereign immunity under the Eleventh Amendment.  *See,e.g.*, *Taylor* , 880 F.2d at 1045.

27   State sovereign immunity bars suit in federal court against a State or an arm of a State, such

28   as NDOC, regardless of the relief sought.  *See,e.g., Pennhurst State School & Hospital v.*

1    *Halderman,* 465 U.S. 89, 100-01, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984).  State sovereign

2    immunity limits the jurisdiction of the federal courts and can be raised at any time during the

3    judicial proceedings either by the parties or by the court *sua sponte*.  *In re Jackson*, 184 F.3d

4    1046, 1048 (9th Cir. 1999).  The reasoning of *Holley, supra*, leads to the conclusion that

5    plaintiff's RLUIPA claims against NDOC also are barred by the Eleventh Amendment and

6    state sovereign immunity.  The claims asserted against NDOC therefore will be dismissed

7    without prejudice under the Eleventh Amendment for lack of jurisdiction over the subject

8    matter.

9           Plaintiff's Eighth Amendment claim in count III fails to state a claim upon which relief

10   may be granted.  The denial of religiously-ordained kosher meals perhaps may violate other

11   constitutional protections, but the failure to serve kosher meals does not also constitute cruel

12   and unusual punishment in violation of the Eighth Amendment.

13          Plaintiff's claims for pain and suffering, emotional distress and/or mental anguish,

14   including those under RLUIPA, all are barred by 42 U.S.C. § 1997e(e), as plaintiff has alleged

15   no physical injury.  *See,e.g., Mayfield v. Texas Department of Criminal Justice*, 529 F.3d 599,

16   605-06 (5th Cir. 2008)(applying § 1997e(e) to RLUIPA claim).

17          Plaintiff's remaining allegations would appear to present potentially viable claims that

18   should be served upon defendants for a response.  Plaintiff's allegations, if true, state

19   violations of the Constitution and RLUIPA.  *Cf. Shilling v. Crawford*, 2010 WL 1735039, slip

20   op. at *1 (9th Cir., April 28, 2010)(the panel stated in an unpublished decision that RLUIPA

21   barred Nevada prison officials from denying a kosher diet on the basis that plaintiff was not

22   recognized as a Jew by an outside Jewish organization).

23          IT THEREFORE IS ORDERED that the following claims are DISMISSED without

24   prejudice: (a) all claims against the Nevada Department of Corrections; (b) the claims against

25   all remaining defendants in their official capacity, but not their individual capacity, for

26   monetary damages; (c) the Eighth Amendment claim in count III but not the remaining claims

27   therein; and (d) all claims for pain and suffering, mental anguish and/or emotional distress.

28          / / / /

1      IT FURTHER IS ORDERED that the clerk of court shall add Attorney General
2  Catherine Cortez Masto as counsel for defendants and shall make informal electronic service
3  of the complaint and this order upon defendants by directing a notice of electronic filing to her.

4      IT FURTHER IS ORDERED that the Attorney General shall advise the court within
5  twenty (20) days from entry of this order whether she can accept service of process for the
6  named defendants.  If the Attorney General accepts service of process for any of the
7  defendants, such defendant(s) shall file and serve an answer or other response to the
8  complaint within thirty (30) days of the date of the notice of acceptance of service.  **No**
9  **response is required as to the specific claims that have been dismissed by this order.**

10      If service is not accepted for any of the defendants, plaintiff will need to file a motion
11  identifying the unserved defendant(s), requesting the issuance of a summons, and specifying
12  a full name and address for said defendant(s).  Pursuant to Rule 4(m) of the Federal Rules
13  of Civil Procedure, he must complete service within 120 days from entry of this order.

14      IT IS FURTHER ORDERED that henceforth, plaintiff shall serve upon defendants or,
15  if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading,
16  motion or other paper submitted for consideration by the court.  Plaintiff shall include with the
17  original paper submitted for filing a certificate stating the date that a true and correct copy of
18  the document was mailed to the defendants or counsel for the defendants.  If counsel has
19  entered a notice of appearance, plaintiff shall direct service to the individual attorney named
20  in the notice of appearance, at the address stated therein.  The court may disregard any
21  paper received by a district judge or magistrate judge which has not been filed with the clerk,
22  and any paper received which fails to include a certificate of service.

23      The clerk also shall provide plaintiff with a copy of the complaint.
24      DATED:  September 13, 2010.

27  _____
28  JAMES C. MAHAN
     United States District Judge