UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

CECIL HALL,

          Plaintiff,

v.

HOWARD SKOLNIK, *et al.,*

          Defendants.

2:10-cv-00054-JCM -VCF

**O R D E R**

      Before the court is defendants Howard Skolnik *et al*'s Motion To Strike Plaintiff's Notice To Join Additional Parties. (#23). Plaintiff Cecil Hall's Opposition was due on January 15, 2012. Plaintiff did not file an Opposition, but instead filed a Motion For Extension of Time for Discovery. (#24). Defendants filed an Opposition (#25), and plaintiff filed a letter to the Attorney General (#26).

**Background**

      On January 13, 2010, plaintiff Hall filed his civil rights complaint under 42 U.S.C. § 1983 (#1) against several defendants, and filed a motion for order to show cause for an injunction and TRO (#2). Plaintiff filed his motion/application to proceed *in forma pauperis* on January 21, 2010 (#3). The court permitted plaintiff to proceed *in forma pauperis* on May 17, 2010, and ordered the complaint to be screened as soon as the court's scheduled permitted. (#4). The court denied plaintiff's initial motion for order to show cause (#5) on July 12, 2010, and denied his amended motion for order to show cause on September 3, 2010 (#7).

      After screening the plaintiff's complaint (#1), the court dismissed several defendants and claims, and ordered the remaining defendants to file an answer within 30 days from September 13, 2010. (#8). On November 2, 2010, defendants filed a motion to stay (#10), which the court denied (#13). Defendants filed their answer on September 6, 2011. (#15). On October 21, 2011, the court entered a scheduling order. (#19). The scheduling order stated in pertinent part that (1) "[a]ny and all pleadings

that may be brought under Fed. R. Civ. P. 13 & 14, or joining additional parties under Fed. R. Civ. P. 19 & 20, shall be filed within sixty (60) days from the date of this Order," and (2) Amendments to pleadings as provided for under Fed. R. Civ. P. 15, if the same are allowed without leave of court, or motions for leave to amend, shall comply with LR 15-1 and shall be filed and served within sixty (60) days from the date of this Order." *Id*.

On December 20, 2011, the plaintiff filed a notice to join additional parties. (#22). Plaintiff's notice, dated December 15, 2011, informed the court and the defendants that plaintiff desired to add Tarz Mitchell (inmate # 63139) as an additional plaintiff. *Id.*

**Motion To Strike (#23)**

In the present motion filed on December 29, 2011, the defendants ask this court to strike the plaintiff's notice (#22), because the notice is not only procedurally and substantively improper, but should not be permitted because Tarz Mitchell entered into a settlement agreement relating to his civil rights violations. (#23).

Tarz Mitchell, an inmate at Southern Desert Correctional Center, previously filed his own civil rights complaint, *Tarz Mitchell v. Howard Skolnick, et al* (Case No. 2:09-cv-02377-KJD-GWF), alleging claims essentially identical to those being made by plaintiff Hall against five of the six named defendants. In the *Tarz Mitchell* action, plaintiff Mitchell entered into an agreement to "fully and finally settle and compromise any and all claims, actions, causes of action, suits, proceedings, demands, damages, costs, expenses and fees, whether known or unknown, arising out of and relating to the alleged violations of [p]laintiff TARZ MITCHELL's civil rights." (#23 Exhibit A).

Therefore, adding Tarz Mitchell as a plaintiff would be futile, as any claims asserted by Mitchell would be precluded under the doctrine of res judicata, or claim preclusion. See *Taylor v. Sturgell,* 553 U.S. 880, 892 (2008)(holding that the doctrine of re judicata, or claim preclusion, which protects "against the expense and vexation attending multiple lawsuits, conserve[s] judicial resources, and foste[rs] reliance on judicial action by minimizing the possibility of inconsistent decisions," is a valid

basis for dismissal under Federal Rule of Civil Procedure 12(b)(6)); *Holcombe v. Hoser,* 477 F.3d 1094 (9th Cir. 2007); *Migra v. Warren City School Dist. Bd. Of Educ.,* 465 U.S. 75, 83-85 (1984); and *Minetti v. Port of Seattle,* 152 F.3d 1113, 1115 (9th Cir. 1998); *Owens v. Kaiser Foundation Health Plan, Inc.,* 244 F.3d 708, 713 (9th Cir. 2001). Thus, striking plaintiff's notice adding Tarz Mitchell as a plaintiff (#22) is warranted.

**Motion For Extension of Time (#24)**

In plaintiff Hall's motion, he asks this court for a 120 day extension of time for discovery, depositions, joining cases, and amending the complaint. (#24). Plaintiff also asks this court to provide him with copies of documents pertaining to this action. *Id.*

Plaintiff asserts that on December 8, 2011, he was placed in segregation for a week. *Id.* When plaintiff was released from segregation and retrieved his property, he realized that all of his "legal work grievances pertinent to this case w[ere] lost by S.D.C.C." *Id.* Therefore, he asserts, he is unable to comply with the deadlines set forth in the court's scheduling order. *Id.* Further, he seeks "assistan[ce] from the law library for copies, case logs, legal forms, and other legal material..." *Id.*

Defendants oppose the plaintiff's motion (#25), and assert that the motion should be denied in its entirety because plaintiff failed to comply with the provisions of Local Rule 26-4 and the court's scheduling order (#19), elected "not to participate in any form of discovery prior to December 8, 2011, and waited until December 29, 2011, to file the instant motion.

Pursuant to the court's scheduling order (#19), amendments to pleadings were due on December 18, 2011, discovery closed January 18, 2012, and any motion for an extension of time must comply with LR 26-4 and demonstrate good cause for the extension. Defendants' first request for production of documents and first set of interrogatories were served on plaintiff Hall on December 2, 2011. (#25 Exhibit A). From the entry of the court's scheduling order on October 21, 2011, plaintiff Hall did not engage in any discovery or seek any amendments from the court. In plaintiff's motion (#24), he does not explain to the court why he did not propound any written discovery or seek amendment from the

3

court, and only argues that the time in segregation, from December 8 - December 15, warrants the extension. The court notes, however, that plaintiff prepared his notice (#22) on December 15, 2011, demonstrating that the day he was released from segregation, he was able to prepare his notice and could have motioned the court for an extension at that time. Instead, plaintiff Hall waited roughly two weeks, until December 29, 2011, to seek an extension from the court. (#24).

As plaintiff has not demonstrated a showing of good cause for the extension, the court will not grant the requested extension. *See* (#19 Court's Scheduling Order); *See also* LR 26-4 (stating that applications to extend any date set by the scheduling order must "be supported by a showing of good cause for the extension.").

With regard to plaintiff Hall's request for free copies of documents, the court finds that plaintiff has not demonstrated a specific showing of need. The statute providing authority to proceed *in forma pauperis*, 28 U.S.C. § 1915, does not include the right to obtain court documents without payment. Although the Ninth Circuit has not spoken on the issue, courts in other jurisdictions have not allowed plaintiffs proceeding *in forma pauperis* to receive free copies of documents from the court without the plaintiff demonstrating a specific showing of need. *See, e.g., Collins v. Goord,* 438 F.Supp. 2d 399 (S.D.N.Y. 2006); *Guinn v. Hoecker,* 43 F.3d 1483 (10th Cir. 1994) (no right to free copy of any document in record unless plaintiff demonstrates specific need); *In re Richard*, 914 F.2d 1526 (6th Cir. 1990) (28 U.S.C. § 1915 does not give litigant right to have documents copied at government expense); *Douglas v. Green*, 327 F.2d 661, 662 (6th Cir. 1964) (no free copy of court orders).

Here, plaintiff seeks "copies, case logs, legal forms, and other legal material." (#24). However, he does not demonstrate a specific need for the documents or even that the court has the ability to obtain them. Therefore, plaintiff's motion will be denied without prejudice. If plaintiff does have a specific need for these documents, he may file a renewed motion for the documents which states his specific need for the documents and where the documents sought are located. Plaintiff's renewed motion shall also include a copy of plaintiff's inmate balance sheet to demonstrate he cannot afford to pay for the

copies

Accordingly, and for good cause shown,

IT IS ORDERED that defendants Howard Skolnik *et al*'s Motion To Strike Plaintiff's Notice To Join Additional Parties (#23) is GRANTED.  Plaintiff's Notice To Join Additional Parties (#22) is hereby STRICKEN.

IT IS FURTHER ORDERED that Plaintiff Hall's Motion For Extension of Time for Discovery (#24) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's request for free copies is DENIED without prejudice.  If plaintiff can demonstrate a specific need for the documents, the plaintiff may file a motion seeking copies from the court as discussed above.

DATED this 31st day of January, 2012.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

5