# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CECIL HALL,

    *Plaintiff*,

vs.

HOWARD SKOLNIK*, et al.*

    *Defendants*.

2:10-cv-00054-JCM-VCF

ORDER

Presently before the court is defendants Howard Skolnik, James Gregory Cox, Brian Williams, Cheryl Burson, Clarence King, and Lavert Taylor's motion for summary judgment. (Doc. #29). Plaintiff Cecil Hall has failed to file an opposition.

**I.     Background**

This is a pro se prisoner civil rights action by a prisoner currently in the custody of the Nevada Department of Corrections ("NDOC"). Plaintiff's complaint seeks compensatory and punitive damages together with preliminary and permanent injunctive relief. Plaintiff's complaint alleges five "counts."

In count I, plaintiff alleged that he was denied his right of freedom to exercise his religion under the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) and his right to due process and equal protection of the laws under the Fourteenth Amendment. Plaintiff alleged that defendants Skolnik, Cox, Williams, Burson, King and Taylor denied him kosher meals pursuant to a policy that required persons professing to follow the Jewish faith to be recognized as a Jew by an outside Jewish organization before receiving kosher meals. The complaint,

taken as a whole, alleged that the policy operates to prevent black Jewish inmates, such as plaintiff, from practicing their religion to the same extent as non-black Jewish inmates.

In count II, plaintiff alleged that he was retaliated against for exercising his First Amendment right to free exercise of his religion and subjected to racial discrimination in violation of his right to equal protection of the laws under the Fourteenth Amendment. Plaintiff alleged that the above-listed defendants retaliated against his free exercise of his religion by rescinding his right to receive kosher meals and thereby implemented a policy that discriminated against black Jewish inmates. Plaintiff additionally alleged that inmates of other faiths, including Christians, Muslims, and pagans, were not required to obtain verification by an outside body in order to have their right to exercise their religion honored. He further alleged that Jewish religious activities are frequently canceled whereas activities for the other faiths are not.

In count III, plaintiff alleges that he was denied his First Amendment right to free exercise of his religion, denied due process under the Fourteenth Amendment, and subjected to cruel and unusual punishment in violation of the Eighth Amendment when he was denied a kosher diet, allegedly causing him unnecessary pain and suffering without a valid penological reason.

In count IV, plaintiff alleged that he was denied his First Amendment right to seek redress for grievances and his Fourteenth Amendment right to equal protection of the laws when defendants Williams, King and/or Taylor denied him kosher meals in retaliation for his filing grievances and because of his race, retaliated against him by threatening to transfer all African-American Jews to other institutions, and retaliated against him by allowing non-African-American Jewish inmates to read his grievances and then confront him regarding his grievances.

In count V, plaintiff alleged that he was denied his right to freedom to exercise his religion under the First Amendment and the RLUIPA, was denied his right to equal protection of the laws under the Fourteenth Amendment, and was subjected to a conspiracy in violation of 42 U.S.C. § 1986 when defendants Skolnik, Cox, Taylor, Williams, Burson, and King denied him kosher meals by promulgating and enforcing a policy whereby African-American Jews had to be recognized by an outside organization before they could exercise their chosen religion. Plaintiff alleged that defendants "don't believe in Black Jews" and that this policy "trickles down" to the correctional officers who then

discriminate against the African-American Jews.  Plaintiff additionally alleged that inmates of other faiths are not required to obtain verification by an outside body in order to have their right to exercise their religion honored.

In his screening order, Magistrate Judge Leavitt dismissed all monetary claims against the individual defendants in their official capacity pursuant to, among other reasons, the state sovereign immunity doctrine recognized by the Eleventh Amendment.  *See* Doc. 8:14-16 (citing *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Similarly, Magistrate Judge Leavitt dismissed all claims against the NDOC, because, as an arm of the state, it is immune under the Eleventh Amendment's sovereign immunity doctrine.  *See, id.*  The magistrate judge also dismissed plaintiff's Eighth Amendment claim in count III for failure to state a claim and plaintiff's claims for pain and suffering, emotional distress, and mental anguish (including those under RLUIPA) as barred by 42 U.S.C. § 1997e(e), because plaintiff failed to allege a physical injury.

**II.     Discussion**

**(A)     Standard of Review**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law.  *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir. 1996); Fed. R. Civ. P. 56©); *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Assn.*, 809 F.2d 626, 630 (9th Cir.1987).  The purpose of summary judgment is to "pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec.*, 475 U.S. at 586; *International Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401, 1405 (9th Cir. 1985).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answer to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. 317, 324; Fed. R. Civ. P. 56©).

Pursuant to Local Rule 7-2(d), a non-moving party's failure to file points and authorities in response to a motion for summary judgment shall constitute a consent to the granting of the motion. However, as the Ninth Circuit stated in *Martinez v. Stanford*, 323 F.3d 1178 (9th Cir. 2003), a district court cannot grant a motion for summary judgment based merely on the fact that the opposing party failed to file an opposition. The court in *Martinez* held that the failure to oppose the motion does "not excuse the moving party's affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law." *Id.*

**(B)    Analysis**

In the case before the court, summary judgment is appropriate not only because plaintiff failed to file an opposition in accordance with the local rules, but because the defendants have demonstrated to the court that there are no genuine issues of material fact precluding summary judgment under Federal Rule of Civil Procedure 56.

Counts II, III, IV, and V

With regards to counts II, III, IV, and V, defendants have established that plaintiff has failed to exhaust his administrative remedies. Prisoners seeking relief under § 1983 must exhaust all available administrative remedies prior to bringing suit. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Jones v. Bock*, 549 U.S. 199, 212 (2007), citing *Porter v. Nussle*, 534 U.S. 516 , 524 (2002) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). This requirement is mandatory regardless of the relief sought. *See Booth v. Churner*, 532 U.S. 731, 741 (2001).

A prison inmate in Nevada satisfies the administrative exhaustion requirement by following the procedures set forth in NDOC Administrative Regulation 740. This regulation expressly mandates that inmates "shall file an informal grievance" within six (6) months "if the issue involves personal property damage or loss, personal injury, medical claims or any other tort claims, including civil rights claims" or within ten (10) days "if the issue involves any other issues within the authority and control of the [NDOC] including, but not limited to, … food." It further warns that "[f]ailure by the inmate to submit

a proper Informal Grievance form" within this time frame "shall constitute abandonment" of the inmate's right to pursue resolution of that claim at any level of the inmate grievance procedure. Thus, an inmate in the custody of the NDOC, who fails to timely file a proper informal grievance, has abandoned his right to pursue resolution of any such claims through the inmate grievance procedure.

The undisputed facts establish that plaintiff filed only one grievance with prison authorities. *See* Dft.'s Mot. Summ. J., Ex. C-1, Hall Depo at 35:24-37:20 ("Q. So I would like to confirm, if possible, that Grievance Number 20062883237 is the only grievance that you filed with respect to the events that serve as the basis for your Civil Rights Complaint that's been attached as Exhibit A; is that correct? A. Yes, ma'am."). Grievance No. 2006-28-83237, however, only addressed plaintiff's allegation that "Black Jews ([H]ebrew Isrealite [sic.]) are not allowed Kosher meal as White Jews. Black Jews are asked to be certified through 'ALEPH' before there [sic.] Religion/Faith are accepted in part or as a whole!" Accordingly, any claims that do not arise from the NDOC's alleged requirement that "Black Jews" and/or "Hebrew Israelites" obtain certification or recognition from outside organizations prior to being allowed to receive Kosher meals, while not requiring the same from "White Jews," are barred due to plaintiff's failure to exhaust administrative remedies. As such, all claims in counts II, III, IV, and V are barred, as only the claims in count I do rest on these allegations.

Count I

As previously explained, in count I, plaintiff alleged that he was: (1) denied his right of freedom to exercise his religion under the First Amendment and the RLUIPA and (2) his right to due process and equal protection of the laws under the Fourteenth Amendment.

*1.    Freedom of Religion – First Amendment and RLUIPA*

"[T]o merit protection under the free exercise clause of the First Amendment," "[a] religious claim," "must satisfy two basic criteria." *Callahan v. Woods*, 658 F.2d 679, 683 (9th Cir. 1981). "First, the claimant's proffered belief must be sincerely held[.]" *Id.* Second, "the claim must be rooted in religious belief, not in 'purely secular' philosophical concerns." *Id.* Further, in order to establish a First Amendment violation, a prisoner must demonstrate that defendants have burdened the practice of his religion without any justification reasonably related to legitimate penological interests. *See Freeman v. Arpaio*, 125 F.3d 732, 737 (1997), abrogated on other grounds by *Shakur v. Schririo*, 514 F.3d 878,

884 (2008) (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

The uncontroverted evidence establishes that plaintiff cannot prove that his request for a kosher diet was based upon a sincerely held religious belief. In his deposition, plaintiff admitted that during the period of time when the NDOC was providing him with a kosher diet, he continued to eat non-kosher foods. Plaintiff explained that he grew tired of the lack of variety in the kosher menu, and therefore chose to eat the food prepared for the general inmate population. Hall Depo at 55:17-56:7 ("There was a time when I was served the same two meals for about two months in a row, and I ate off the other line."). Whereas plaintiff voluntarily chose to eat non-kosher meals at a time when he was being provided with a kosher diet, this court cannot find that plaintiff's "proffered belief [was] sincerely held." *See Callahan*, 658 F.2d at 683. Accordingly, there is no genuine issue of material fact with respect to plaintiff's First Amendment challenge to present to the jury. Because plaintiff's RLUIPA claim is based on allegations occurring during this same time period, summary judgment as to that claim is also appropriate.

### 2. *Equal Protection and Due Process – Fourteenth Amendment*

"To succeed on an equal protection claim, a plaintiff in a section 1983 claim must show that officials intentionally acted in a discriminatory manner." *Freeman v. Arpaio*, 125 F.3d 732, 737 (1997), abrogated on other grounds by *Shakur*, 514 F.3d at 884-885. "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status." *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994) (emphasis in original). Notably, to avoid summary judgment, a plaintiff "must produce evidence sufficient to permit a reasonable trier of fact to find by a preponderance of the evidence that the decision was racially motivated." *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003) quoting *Bingham v. City of Manhattan Beach*, 329 F.3d 723, 732 (9th Cir. 2003) (citations and alterations omitted).

There is nothing in the record, other than plaintiff's bare assertions, that would tend to prove the kosher meal policy was implemented with an intent to discriminate against the NDOC's African-American Jewish population. Whereas plaintiff has admitted that his due process claim is premised on his equal protection claim (which is unsubstantiated by any evidence), this court finds that summary judgment is appropriate as to both the equal protection and due process claims.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion for summary judgment (doc. #29) be, and the same hereby is, GRANTED.

The clerk of the court shall enter judgment in favor of defendants accordingly.

DATED March 23, 2012.

_____
JAMES C. MAHAN
United States District Judge